**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AANYA HOSPITALITY, INC.,
a Florida corporation,

      Plaintiff,

v.                                                          Case No. 3:17-cv-640-J-34MCR

CENTENNIAL BANK, an Arkansas
banking corporation, and MERCANTILE
CAPITAL CORPORATION, a Florida
corporation,

      Defendants.
_____

**<u>ORDER</u>**

**THIS CAUSE** is before the Court <u>sua sponte</u>. On June 7, 2017, Defendant Centennial Bank removed this matter to this Court from the Fourth Judicial Circuit, in and for Clay County, Florida. <u>See</u> Notice of Removal (Dkt. No. 1). Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking").

In light of this obligation, on June 9, 2017, this Court entered a notice advising the parties that based upon the current filings, the Court was satisfied of the existence of subject

matter jurisdiction over this action. See Notice (Dkt. No. 7). However, on August 23, 2017, the Honorable Monte C. Richardson, United States Magistrate Judge, entered an Order granting Plaintiff's Motion for Leave of Court to File an Amended Complaint and directing Plaintiff to file the Amended Complaint within ten days. See Order (Dkt. No. 80). Plaintiff filed the Amended Complaint and Jury Demand (Dkt. No. 81; Amended Complaint) on August 29, 2017. As acknowledged by the parties, and as addressed by Judge Richardson, the amendment of the complaint to allow Plaintiff Aanya Hospitality, Inc. (Aanya) to assert claims against Mercantile Capital Corporation, which like Aanya is alleged to be a Florida Corporation, destroys diversity jurisdiction. See Amended Complaint at 1-2; Order at 5. The Eleventh Circuit has unequivocally instructed that after removal based upon diversity of citizenship, the addition of a non-diverse defendant destroys subject matter jurisdiction, and the Court cannot thereafter continue to exercise jurisdiction over the case. See Ingram v. CSX Transp., Inc., 146 F.3d 858, 861-62 (11th Cir. 1998); 28 U.S.C. § 1447(e). Accordingly, the Court finds it necessary to remand this matter for lack of subject matter jurisdiction.

In light of the foregoing, it is hereby

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2.  The Clerk of the Court is further directed to terminate all pending motions or deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of August, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

Clerk of the Circuit Court,
    of the Fourth Judicial Circuit,
      in and for Clay County